KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR2266-H |
| Plaintiff, | ) Date:        August 18, 2008<br>) Time:        2:00 p.m. |
| v. | ) |
| LIONEL VALENZUELA-CARRANZA, | ) GOVERNMENT'S RESPONSE AND<br>) OPPOSITION TO DEFENDANT'S MOTIONS<br>) TO: |
| Defendant. | ) |
| | ) (1)   COMPEL DISCOVERY; AND<br>) (2)   GRANT LEAVE TO FILE FURTHER<br>)         MOTIONS |
| | ) TOGETHER WITH STATEMENT OF FACTS,<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES AND |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and A. Dale Blankenship, Assistant United States Attorney, hereby files its Response and Opposition to the motions filed on behalf of LIONEL VALENZUELA-CARRANZA (Defendant"). This Response and Opposition is based upon the files and records of this case.

//

//

# I

# STATEMENT OF THE CASE

On July 9, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on July 11, 2008, and entered a not guilty plea.

# II

# STATEMENT OF FACTS

### A.   INSTANT OFFENSE

On June 11, 2008, Defendant entered the pedestrian primary inspection area, at the San Ysidro, California, Port of Entry. Defendant approached Customs and Border Protection Officer A. Moreno and applied for entry into the United States. Officer Moreno asked Defendant where he was going, and Defendant replied that he was traveling to Chula Vista. Officer Moreno next asked Defendant for identification, Defendant responded that his identification was stolen. Officer Moreno then asked Defendant his citizenship. Defendant replied "Delano." Officer Moreno again asked Defendant his citizenship. Defendant replied: "I was born in Delano, that's in Kern County." Officer Moreno then referred Defendant to the secondary inspection area.

In the secondary inspection area, Customs and Border Protection Officers conducted a check of Department of Homeland Security' databases. The database queries revealed that Defendant had a prior aggravated felony conviction and prior deportation.

### B.   POST-MIRANDA STATEMENT

Customs and Border Protection Officers advised Defendant of his Miranda rights in the Spanish language. Defendant invoked.

### C.   DEFENDANT'S CRIMINAL HISTORY

On April 24, 1995, Defendant was convicted in California Municipal Court of battery in violation of Cal. Penal Code §242 and sentenced to 10 days' jail. On October 25, 1995, Defendant was convicted in California Superior Court of inflicting corporal injury to a spouse/cohabitant in violation of Cal. Penal Code § 273.5(a); threatening with intent to terrorize in violation of Cal. Penal

Code §422; and false imprisonment in violation of Cal. Penal Code § 236. For these offenses, Defendant was sentenced to two years' prison. On April 9, 2003, Defendant was convicted in California Superior Court of carrying a concealed weapon in a vehicle in violation of Cal. Penal Code § 12025(a)(1) and felon in possession of a firearm in violation of Cal. Penal Code § 12021 and he was sentenced to 4 years' prison. On November 6, 2006, Defendant was convicted in California Superior Court, of use of controlled substance in violation of Cal. Health & Safety Code § 11550, and he was sentenced to 180 day's jail.

### D.    DEFENDANT'S IMMIGRATION HISTORY

Defendant was granted legal permanent resident status under the Seasonal Agricultural Worker ("SAW") program on March 11, 1992. However, due to his felony convictions, he was ordered removed by an immigration judge on October 6, 2005, and physically removed pursuant to that order on October 11, 2005. Defendant did not remain in Mexico for long, on December 28, 2005, he was apprehended by United States Border Patrol Agents and removed from the United States on the same day.

On June 7, 2007, Defendant was again ordered removed, and he was physically removed on June 25, 2007. On September 20, 2007, immigration officials re-instated the immigration judge's order and removed Defendant from the United States again. On February 8, 2008, and February 18, 2008, Defendant attempted to enter the United States at the San Ysidro Port of Entry, each time claiming United States citizenship. On each occasion, immigration officials again re-instated the immigration judge's order and removed Defendant from the United States.

Immigration records reveal that Defendant has not applied for permission to legally reenter the United States since he was ordered deported.

### III

### DISCUSSION

### A.    THE GOVERNMENT WILL COMPLY WITH ALL DISCOVERY OBLIGATIONS

The United States has and will continue to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal

Rules of Criminal Procedure.[1] To date, the United States has produced 36 pages of discovery and one cd Defendant's counsel including investigative reports. The Defendant's deportation tape has been received and will be discovered to Defendant. Defendant's A-File has also been received, and will be made available for the Defendant's counsel to view if ordered by the Court. As of today, the United States has received no reciprocal discovery. The Government anticipates that all discovery issues can be resolved amicably and informally, and requests that no order be entered compelling specific discovery in light of the Government's position below.

### 1. **Defendant's Statements**

The United States recognizes its obligation under Federal Rules of Criminal Procedure ("Rules") 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant his written statements and the substance of Defendant's oral statements. The United States has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this time. If the United States discovers additional oral or written statements that require disclosure under the relevant Rules, such statements will be promptly provided to Defendant.

### 2. **Arrest Reports**

The United States does not object to this request and has already produced to Defendant all arrest reports known to the Government at this time.

### 3. **Prior Record**

The United States has provided Defendant with a copy of his known prior criminal record under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990). Should the United States determine that there are any additional documents pertaining to the Defendant's prior criminal record, those will be promptly provided to Defendant.

### 4. **Evidence Seized**

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the

---

[1] Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

### 5. Tangible Objects

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The United States, however, need not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### 6. Preservation of Evidence

As stated above, the United States will preserve all evidence to which the Defendant is entitled pursuant to the relevant discovery rules.

### 7. Reports of Examinations and Tests

The United States will provide Defendant with any scientific tests or examinations in accordance with Rule 16(a)(1)(F).

### 8. Expert Witnesses

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705. If this case proceeds to trial, the Government anticipates introducing expert testimony from a fingerprint examiner to establish Defendant's identity.

### 9. Brady Material

The United States has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963).

### 10. Giglio Material

The United States has complied and will continue to comply with its discovery obligations under Giglio v. United States, 405 U.S. 150 (1972).

### 11. **Henthorn Material**

The United States will comply with its obligations under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

### 12. **Jencks Act Material**

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

### 13. **Cooperating Witnesses**

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the defense. Roviaro v. United States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an in camera inspection to determine whether disclosure of the informant's identity is required under Roviaro. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). If the United States determines that there is a confidential informant or cooperating witness involved in this case, the United States will either disclose the identity of the informant or submit the informant's identity to the Court for an in camera inspection.

### 14. **404(b) Material**

The United States will disclose, in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence


1  404(b). The United States has previously provided discovery of this conviction and will provide a
2  copy of the reports related to this event.

**15. Witnesses**

4  The United States will provide a list of witnesses in its trial memorandum. The grand jury
5  transcript of any person who will testify at trial will also be produced.

**16. Alien File**

7  The United States will make Defendant's A-file available for inspection, upon order by the
8  Court, at a time mutually convenient to the parties and will continue to perform its duty under Brady
9  and the discovery rules to disclose all material exculpatory information or evidence favorable to
10 Defendant that is contained in the A-File. The documents in the A-File are not exculpatory. Most
11 of the documents are highly incriminating in nature. The documents include numerous documents
12 related to Defendant's immigration history and his criminal history. The documents establish that
13 Defendant is an illegal alien with a felony criminal record who has been legally deported, removed
14 from the United States, admonished of the criminal sanctions under 8 U.S.C. § 1326, and, despite
15 the prior warnings, subsequently reentered the United States without applying for permission. The
16 Government will provide all documents that fall within the scope of Rule 16.

**B. THE GOVERNMENT DOES NOT OBJECT TO DEFENDANT'S MOTION TO GRANT LEAVE TO FILE FURTHER MOTIONS PROVIDED THE MOTION IS BASED ON NEW INFORMATION**

19 The Government does not object to the granting of leave to allow Defendant file further
20 motions as long as the additional motions are based on newly discovered evidence or discovery
21 provided by the Government subsequent to the instant motion at issue.

22 //
23 //
24 //
25 //
26 //
27 //
28

## VI

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's Motions, except where unopposed.

Dated: August 12, 2008.

                                              Respectfully Submitted,

                                              KAREN P. HEWITT
                                              United States Attorney

                                              s/ A. Dale Blankenship
                                              A. DALE BLANKENSHIP
                                              Assistant United States Attorney
                                              Attorneys for Plaintiff
                                              United States of America
                                              Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>LIONEL VALENZUELA-CARRANZA,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Criminal Case No.  08CR2266-H<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

     I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action.  I have caused service of
**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**

     1.    COMPEL DISCOVERY; AND
     2.    GRANT LEAVE TO FILE FURTHER
            MOTIONS

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     **Hanni M. Fakhoury, Esq., Federal Defenders of San Diego, Inc.**
     **Hanni_Fakhoury@fd.org**

     I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

     **None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

     I declare under penalty of perjury that the foregoing is true and correct. Executed on August 12, 2008.

                                             s/ A. Dale Blankenship
                                             A. DALE BLANKENSHIP