KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2266-H |
| Plaintiff, | ) ) ) | DATE:     August 18, 2008<br>TIME:     2:00 p.m. |
| LIONEL VALENZUELA-CARRANZA, | ) ) ) ) | GOVERNMENT'S NOTICE OF MOTION<br>AND MOTION FOR RECIPROCAL<br>DISCOVERY AND FINGERPRINT<br>EXEMPLARS |
| Defendant. | ) ) ) | |

NOTICE OF MOTIONS

TO:    Hanni M. Fakhoury, Esq, Counsel for defendant Lionel Valenzuela-Carranza,

PLEASE TAKE NOTICE  that on Monday, August 18, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, will move the court for an order granting the Government's Motion for Reciprocal Discovery and Fingerprint Exemplars.

//
//
//
//
//

1

<u>MOTIONS</u>

2          COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

3    KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States

4    Attorney, will hereby move the court for an order granting the Government's motions for reciprocal

5    discovery and fingerprint exemplars.

6          DATED:        August 12, 2008.

7                                                  Respectfully submitted,

8                                                  KAREN P. HEWITT
                                                   United States Attorney
9

10                                                 s/ A. Dale Blankenship
                                                   A. DALE BLANKENSHIP
11                                                 Assistant United States Attorney
                                                   Attorneys for Plaintiff
12                                                 United States of America
                                                   Email: Dale.Blankenship@usdoj.gov
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  KAREN P. HEWITT
   United States Attorney
2  A. DALE BLANKENSHIP
   Assistant United States Attorney
3  California State Bar No. 235960
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6199/(619) 235-2757 (Fax)
   Email: Dale.Blankenship@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA,        )   Criminal Case No. 08CR2266-H
11                                   )
                    Plaintiff,       )   DATE: August 18, 2008
12                                   )   TIME: 2:00 p.m.
                                     )
13                                   )   STATEMENT OF FACTS AND
   LIONEL VALENZUELA-CARRANZA,       )   MEMORANDUM OF POINTS AND
14                                   )   AUTHORITIES IN SUPPORT OF
                    Defendant.       )   GOVERNMENT'S MOTION FOR
15                                   )   RECIPROCAL DISCOVERY AND
   _____)       FINGERPRINT EXEMPLARS
16

17         COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18  KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States

19  Attorney, and hereby files the attached statement of facts and memorandum of points and authorities

20  in support of government's motion for reciprocal discovery and fingerprint exemplars.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

                                            1

# I

## STATEMENT OF THE CASE

On July 9, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment on July 11, 2008, and entered a not guilty plea.

# II

## STATEMENT OF FACTS

### A.    INSTANT OFFENSE

On June 11, 2008, Defendant entered the pedestrian primary inspection area, at the San Ysidro, California, Port of Entry. Defendant approached Customs and Border Protection Officer A. Moreno and applied for entry into the United States. Officer Moreno asked Defendant where he was going, and Defendant replied that he was traveling to Chula Vista. Officer Moreno next asked Defendant for identification, Defendant responded that his identification was stolen. Officer Moreno then asked Defendant his citizenship. Defendant replied "Delano." Officer Moreno again asked Defendant his citizenship. Defendant replied: "I was born in Delano, that's in Kern County." Officer Moreno then referred Defendant to the secondary inspection area.

In the secondary inspection area, Customs and Border Protection Officers conducted a check of Department of Homeland Security' databases. The database queries revealed that Defendant had a prior aggravated felony conviction and prior deportation.

### B.    POST-MIRANDA STATEMENT

Customs and Border Protection Officers advised Defendant of his <u>Miranda</u> rights in the Spanish language. Defendant invoked.

### C.    DEFENDANT'S CRIMINAL HISTORY

On April 24, 1995, Defendant was convicted in California Municipal Court of battery in violation of Cal. Penal Code §242 and sentenced to 10 days' jail. On October 25, 1995, Defendant was convicted in California Superior Court of inflicting corporal injury to a spouse/cohabitant in violation of Cal. Penal Code § 273.5(a); threatening with intent to terrorize in violation of Cal. Penal Code §422;

and false imprisonment in violation of Cal. Penal Code § 236. For these offenses, Defendant was sentenced to two years' prison. On April 9, 2003, Defendant was convicted in California Superior Court of carrying a concealed weapon in a vehicle in violation of Cal. Penal Code § 12025(a)(1) and felon in possession of a firearm in violation of Cal. Penal Code § 12021 and he was sentenced to 4 years' prison. On November 6, 2006, Defendant was convicted in California Superior Court, of use of controlled substance in violation of Cal. Health & Safety Code § 11550, and he was sentenced to 180 day's jail.

### D.    DEFENDANT'S IMMIGRATION HISTORY

Defendant was granted legal permanent resident status under the Seasonal Agricultural Worker ("SAW") program on March 11, 1992. However, due to his felony convictions, he was ordered removed by an immigration judge on October 6, 2005, and physically removed pursuant to that order on October 11, 2005. Defendant did not remain in Mexico for long, on December 28, 2005, he was apprehended by United States Border Patrol Agents and removed from the United States on the same day.

On June 7, 2007, Defendant was again ordered removed, and he was physically removed on June 25, 2007. On September 20, 2007, immigration officials re-instated the immigration judge's order and removed Defendant from the United States again. On February 8, 2008, and February 18, 2008, Defendant attempted to enter the United States at the San Ysidro Port of Entry, each time claiming United States citizenship. On each occasion, immigration officials again re-instated the immigration judge's order and removed Defendant from the United States.

Immigration records reveal that Defendant has not applied for permission to legally reenter the United States since he was ordered deported.

### III

### GOVERNMENT'S MOTIONS

### A.    UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). To date, the Government has provided 55 pages of discovery, and 1 cd to Defendant. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect,

copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### B.   THE UNITED STATES'S MOTION FOR FINGERPRINT EXEMPLARS SHOULD BE GRANTED

Part of the United States' burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported from the United States to Mexico. To make that showing, the United States will call an expert in fingerprint identification to testify that the Defendant is in fact the individual whose fingerprints appear on the warrant of deportation. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. See United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). The United States therefore respectfully requests that the Court order that Defendant make himself available for fingerprinting by

4

1  the United States' fingerprint expert.

2

3                                          IV

4                                    **CONCLUSION**

5        For the foregoing reason, the Government respectfully requests that its motions for reciprocal

6  discovery and fingerprint exemplars be granted.

7        DATED:  August 12, 2008.

8                                          Respectfully Submitted,

9                                          KAREN P. HEWITT
                                           United States Attorney
10
                                           S/ A. Dale Blankenship
11                                         A. DALE BLANKENSHIP
                                           Assistant United States Attorney
12                                         Attorneys for Plaintiff
                                           United States of America
13                                         Email: Dale.Blankenship@usdoj.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  08CR2266-H |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| | ) | |
| LIONEL VALENZUELA-CARRANZA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

5

6

7

8

9

10

IT IS HEREBY CERTIFIED THAT:

11

12

    I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

13

14

    I am not a party to the above-entitled action.  I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY and FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

15

16

    **Hanni M. Fakhoury, Esq., Federal Defenders of San Diego, Inc.**
    **Hanni_Fakhoury@fd.org**

17

18

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

19

    **None**

20

the last known address, at which place there is delivery service of mail from the United States Postal Service.

21

22

    I declare under penalty of perjury that the foregoing is true and correct. Executed on August 12, 2008.

23

                        s/ A. Dale Blankenship
                        A. DALE BLANKENSHIP

24

25

26

27

28

6